BOOTH, Judge.
This cause is before us on appeal from a summary final judgment entered against plaintiff in its suit for a refund under Florida Statutes § 212.08(5)(b) 1. & 3., which provides as follows:
1. Industrial machinery and equipment purchased for use in new businesses which manufacture, process, compound, or produce for sale items of tangible personal property at fixed locations shall be considered exempt from the tax imposed by this chapter upon an affirmative showing by the taxpayer to the satisfaction of the department that said items will be used in a new business in this state. Said purchases must be made pri- or to the date said business first begins its productive operations, and delivery of the purchased item must be made within 12 months of said date.

*1254 3. The exemptions provided by sub-paragraphs 1. and 2. shall inure to the taxpayer only through refund of previously paid taxes. Said refund shall be made within 30 days of formal approval by the department of the taxpayer’s application.
The trial court correctly found that there was no genuine issue as to any material fact in the cause. Plaintiff purchased and accepted delivery of a gantry crane on July 26, 1978, an item of industrial machinery purchased for use in a new business, and paid some $565,027.68 in sales tax. The refund applied for under the foregoing statute was denied by the office of the controller, and complaint was filed in the Circuit Court alleging that Offshore Power Systems (OPS) is in the process of constructing a manufacturing facility in Duval County and has expended some $127,000,000 on this facility to date; that OPS has no contract for the sale or delivery of any of its floating power plants at this time; and that it has not yet begun its production operations. The complaint further alleges that OPS has purchased a 900 metric ton gantry crane for a sum in excess of $14,000,000, which crane was purchased for use in the new business of OPS.
The reason for denial of the refund stated by the controller is that § 212.08(5)(b) 1. & 3. “requires that new industrial machinery purchased for use in a new business be used in producing items of tangible personal property for sale” and that the exemption is not authorized until “active production” has begun. The trial court agreed and ruled that “[t]he act presupposes that productive operations will have begun prior to the time the refund is sought or granted.”
Florida Statutes § 212.08(5)(b) sets forth the express requirements for the exemption. It is uncontested that appellant is in compliance with these statutory requirements. The Legislature did not see fit to make commencement of productive operations a requisite to application for a refund, and we do not find such a requirement implicit from either the statute or its purpose to encourage the creation and expansion of industry within the state.
Accordingly, the judgment below is reversed and cause remanded for entry of judgment allowing refund.
ROBERT P. SMITH, Jr., and SHAW, JJ., concur.